**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIAN W. BOUCHER, # 405964,

Petitioner,

Case Number: 2:18-CV-12328
HONORABLE VICTORIA A. ROBERTS

v.

ERICK BALCARCEL,

Respondent.
______________________________________/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Brian W. Boucher, a prisoner in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner raises three claims challenging his first-degree criminal sexual conduct conviction. Respondent argues that the petition should be denied because the claims are without merit.

The Court denies the petition.

## I. Background

In 2015, Petitioner was charged in Kent County Circuit Court with first-degree criminal sexual conduct for the sexual assault of his then six-year-old daughter and with being a fourth habitual offender. The offense carried a mandatory minimum sentence of 25 years because the victim was under the age of 13 and Petitioner is over the age of 17. *See* Mich. Comp. Laws § 750.520b(2)(b). On January 14, 2016, pursuant to a plea

agreement, Petitioner pleaded guilty as a second habitual offender to first-degree criminal sexual conduct under Mich. Comp. Laws § 750.520b(1)(a) (victim under the age of 13), which eliminated the mandatory minimum sentence of 25 years. *See* Mich. Comp. Laws § 750.520b(1)(a). On February 8, 2016, he was sentenced to 18 years, 9 months to 45 years in prison.

On August 9, 2016, Petitioner filed a motion to withdraw his plea, motion for a an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436 (1973), and motion to correct invalid sentence. After oral argument, the trial court denied Petitioner's motions. *See* 10/14/2016 Op. & Order, *People v. Boucher*, No. 15-11345 (ECF No. 9-5). The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal. *People v. Boucher*, No. 335466 (Mich. Ct. App. Dec. 28, 2016) (ECF No. 9-6, PageID.138). (Mich. Ct. App. Dec. 10, 2013). On June 27, 2014, the Michigan Supreme Court denied leave to appeal. People v. Boucher, 500 Mich. 1023, 896 N.W.2d 799 (Mich. 2017).

Petitioner then filed the pending petition for a writ of habeas corpus. He seeks relief on these claims:

I. Petitioner received ineffective assistance of counsel where counsel failed to explain how the judge would use the sentencing guidelines to impose a prison sentence.

II. Boucher's guilty plea was not knowing and understanding where he misunderstood the implications of the sentencing guidelines.

III. Boucher is entitled to resentencing where OV 4 was incorrectly scored, and where his due process rights were violated at his original

> sentencing when Boucher was unable to read a victim impact letter that contained false information and was used to impose Boucher's sentence.

## II. Standard

28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit

precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A federal habeas court presumes the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). This presumption may be rebutted with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## III. Discussion

### A. Voluntariness of Plea and Ineffective Assistance of Counsel (Claims I and II)

Petitioner's first two claims concern his understanding of the sentencing guidelines range. He maintains that he believed the low end of the sentencing guidelines (108 months) would be his minimum sentence and the high end of the guidelines range (225 months) would be his maximum sentence. He argues that this misunderstanding rendered his plea involuntary and that his attorney provided ineffective assistance by failing to explain the guidelines to him.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. United States*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his

decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. Ineffective assistance of counsel will render a plea of guilty involuntary. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To show that counsel performed ineffectively, Petitioner must establish that (1) counsel performed deficiently and (2) there is a reasonable probability that, absent counsel's error, he would not have pleaded guilty and would have proceeded to trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill*, 474 U.S. at 58.

Petitioner sought to withdraw his plea in the trial court on the ground that his attorney's ineffectiveness rendered his plea involuntary. The trial court denied the motion:

> [I]n reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, the courts should focus on whether the defendant's plea was made voluntarily and understandingly.[ ]
>
> * * *
>
> A review of the plea hearing transcript clearly indicates that Defendant understood he could potential[ly] serve a maximum sentence of life in prison. However, the statutory minimum sentence was waived in exchange for his plea. [ ] The record also reflects that Defendant understood that he would be subject to the rules and requirements of the sex offender registry and lifetime electronic monitoring. [ ] His subsequent claim that he did not understand the terms of the clearly and repeatedly recited plea agreement is simply not credible.
>
> ... Defendant's motion to withdraw his guilty plea due to ineffective assistance of counsel is respectfully denied.

(ECF No. 9-5, PageID.134-35.)

The state court's decision that counsel was not ineffective and that Petitioner's plea was voluntary was a reasonable application of Supreme Court precedent. Before

accepting Petitioner's plea, the trial court advised him of the rights he was giving up by pleading guilty, advised him of the terms of the plea agreement, determined that no off-the-record promises had been made, and that no one had threatened him to force him to enter the plea. (*See* ECF No. 9-2, PageID.104-05.) The court also explained that Petitioner faced a maximum sentence of life imprisonment and a lifetime of electronic monitoring under Michigan's Sex Offender Registration Act. (*Id.* at 103, 105-07.) Petitioner stated that he understood everything explained to him by the trial court. (*Id.*)

A trial court's proper plea colloquy generally cures any misunderstandings a defendant may have had about the consequences of his plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Petitioner is bound by the statements that he made at the plea hearing, and his allegations cannot be given precedence over his on-the-record sworn statements to the contrary. *Id.* at 566. Here, the plea colloquy was proper, clear and thorough. The proper plea colloquy and Petitioner's own testimony under oath that he understood the potential penalties "foreclose" him from relying upon a misunderstanding of the guidelines when he did not inform the court of any confusion. *Ewing v. United States*, 651 F. App'x 405, 409 (6th Cir. 2016).

Petitioner has not shown that the state court's denial of his ineffective assistance and voluntariness claims is contrary to, or an unreasonable application of, clearly established federal law. Petitioner is not entitled to habeas relief on this claim.

**B. Sentencing Claim (Claim III)**

In his third claim, Petitioner seeks relief on the ground that the trial court violated

his federal due process rights when it sentenced him based on inaccurate information. Specifically, Petitioner challenges the scoring of offense variable 4 (OV 4), which provides for an increase in sentence scoring based on psychological injury to the victim. Mich. Comp. Laws § 777.34. He also argues that his right to due process was violated because the sentencing court reviewed and relied upon a victim impact statement submitted by the victim's mother without disclosing the letter to Petitioner.

First, the trial court held offense variable 4 was correctly scored. OV 4 provides that ten points should be scored if "serious psychological injury requiring professional treatment occurred to a victim" or if the victim suffered serious psychological injury that "may require professional treatment" even if professional treatment has not been sought. Mich. Comp. Laws § 777.34(1)(a), (2). The presentence report stated that "since the instant offence [sic] occurred [the victim] continues to be involved in counseling." (ECF No. 9-6, PageID.177.) The trial court rejected Petitioner's argument that this statement showed that the victim's counseling preceded the assault and was not caused by the assault for two reasons. One, Petitioner failed to offer any evidentiary support for his contention that the victim was in counseling before the assault. Two, whether or not the victim received counseling before the assault, it was reasonable to conclude that the victim's continuing counseling related to the assault. (*Id.* at 177.).

"A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). And "federal habeas corpus relief does not lie for errors of state law."

*Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). So Petitioner's claim that the trial court erred when it scored OV 4 is not cognizable on federal habeas review.

Petitioner argues that this claim rises to the level of a constitutional violation because the scoring of OV 4 was based upon inaccurate information. A sentence based on "extensively and materially false" information which the defendant had no opportunity to correct may state a federal due process violation. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). But Petitioner has not established that he was sentenced on the basis of false information. He fails to show that the victim was not in counseling related to the sexual assault. In addition, to the extent that her counseling was unrelated to the assault at that time, the statute allows for the ten points to be scored even if counseling has not yet been sought. Mich. Comp. Laws § 777.34(2). It was not unreasonable for the trial court to conclude that the victim suffered injury that did or would require professional counseling. Further, Petitioner did not object to the scoring of OV 4. Petitioner does not establish that his sentence was based on extensively and materially false information.

Next, Petitioner maintains that the trial court violated his rights under the Due Process Clause by failing to disclose the contents of the victim impact statement submitted by the victim's mother. He claims that this letter formed the basis for the scoring of offense variable 4. "[N]o Supreme Court ruling ... has recognized a 'clearly established' due process right" to "disclosure of the victim impact statements used in [petitioner's] sentencing." *See Stewart v. Erwin*, 503 F.3d 488, 498 (6th Cir.2007). But, as discussed, due process concerns are implicated when a sentencing judge relies on

"materially false or unreliable information in sentencing a defendant," which the defendant has not been afforded the opportunity to rebut. *Townsend*, 334 U.S. at 741. The Court need not resolve the apparent conflict between the due process guarantee against a sentence predicated on misinformation and the absence of a defendant's right to view the material upon which a sentence is based because the record shows that the sentencing court did not rely on the victim impact statement when determining the sentence. *See Stewart*, 503 F.3d at 498. The trial relied upon these factors determine Petitioner's sentence: Petitioner's substantial criminal record (four prior felonies, nine misdemeanors, and a juveni1e court record); that the victim was only six at the time of the offense; and that the victim was Petitioner's daughter. (ECF No. 9-3, PageID.115) In consideration of these factors, the court had "no hesitancy" in imposing the maximum sentence allowed under the guidelines. (*Id.*). Further, during oral argument on the motion to withdraw the plea, the trial court stated that the presentence investigation report, by itself, supported the scoring of OV4. (ECF No. 9-4, PageID.125.) On this record, Petitioner fails to show that the sentence was based upon the victim impact statement. Relief is denied on this claim.

**IV. Certificate of Appealability**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A petitioner must show "that reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

The petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**SO ORDERED**.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

DATE: May 24, 2021